| 36 | 57 |
|----|-----|
| 39 | 511 |
| 36 | 57 |
| 50 | 370 |

ANNA M. ALT *vs.* FREDERICK BANHOLZER.

October 13, 1886.

Mortgage—Homestead—Estoppel.—A., being a married man, executed a mortgage of his homestead to B., to secure a valid debt due from him to B., in which his wife did not join. A. was subsequently divorced, and thereafter transferred the same land to a grantee, with notice of and subject to the mortgage, which the grantee, as a part of the transactions, agreed to pay to B. *Held*, that such grantee was estopped to question the validity of the mortgage, and that it was competent for the parties to the deed to so limit its effect, and to provide for the payment of the debt for which the grantor was personally liable, and to make the land the primary fund for such payment.

Appeal by plaintiff from an order of the district court for Hennepin county, *Lochren*, J., presiding, overruling a demurrer to the answer. The action was brought for the cancellation of a mortgage made by plaintiff's husband upon their homestead. The answer alleges that after the making and delivery of the mortgage the plaintiff

was divorced from her husband, who after the divorce conveyed the premises to the plaintiff, subject to the mortgage, which plaintiff agreed to pay.

*F. Von Schlegell*, for appellant.

*R. L. Penney*, for respondent.

VANDERBURGH, J. A short time before the plaintiff procured a divorce from her husband, one John Alt, the latter executed the mortgage in controversy to the defendant. It embraced the homestead of Alt and his wife, and was not signed by plaintiff, but recited that the mortgagor was an unmarried man. The demurrer admits that the mortgagor at the time of the execution of the mortgage represented to the defendant that he was unmarried, and that the defendant took the mortgage believing and relying on such representations. Subsequent to the divorce of the parties, and the execution of the mortgage, Alt conveyed the land in question to the plaintiff, and she now asks the court to cancel the mortgage because of its invalidity, for want of the signature of the wife when executed.

Upon the first question raised upon the demurrer in this case, viz., whether the mortgagor and his assigns were estopped to deny the validity of his mortgage of the homestead by reason of his representations that he was unmarried at the time, the court is unable to come to an agreement; but we think the order overruling the demurrer should be sustained upon another ground. It is alleged in the answer that the plaintiff had notice of and took the deed subject to the mortgage, and, as a part of the transaction, agreed to pay the same in full. Such alleged agreement will be presumed valid, in support of the pleading, and the deed is a sufficient consideration therefor. *Randall* v. *Constans*, 33 Minn. 329, (23 N. W. Rep. 530;) *Burr* v. *Beers*, 24 N. Y. 178, (80 Am. Dec. 327.) The point is made by the defendant that the plaintiff, therefore, acquired only the equity of redemption in the land by such conveyance, and that she has no right to claim any greater interest therein. If such is the character of the deed, and it does not seem to be questioned by the plaintiff, we think the point well taken. It was entirely competent for the parties to so limit the effect of the conveyance, and to recognize and provide for the payment of the debt, for which the grantor

was personally liable, so that, if required to pay the same, he might, in equity, have recourse against the land for his indemnity. The effect of such a conveyance is to make the land a primary fund for the payment of the debt, and to place the mortgagor in the situation of surety therefor only. *Johnson* v. *Zink*, 51 N. Y. 333, and cases cited. So the grantee of land, subject to a usurious mortgage which is absolutely void, cannot question its validity. "He must pay it if he has agreed to; and, if not, he must allow the lands conveyed subject to it to be applied to its payment." *Freeman* v. *Auld*, 44 N. Y. 50; *Merchants' Bank* v. *Commercial Warehouse Co.*, 49 N. Y. 635, 643, note, 3; *Hartley* v. *Harrison*, 24 N. Y. 170, 172–174; *Sands* v. *Church*, 6 N. Y. 347.

The further question is also suggested and argued by the defendant, whether the plaintiff, coming into a court of equity under such circumstances, and invoking its aid in the cancellation of the mortgage as a cloud upon her title, is entitled to such relief, except upon the equitable condition of the payment of the defendant's claim; but it is unnecessary to continue the discussion further.

Order affirmed.