(Opinion published 52 N. W. Rep. 958.)

---

Eder H. Moulton *et al. vs.* William E. Haskell *et al.*

Argued June 6, 1892. Decided July 1, 1892.

**Parties to Actions—Trustees of an Express Trust.**

A mortgage of real property to trustees named therein in trust to pay debts due from or assumed by the mortgagor, upon sufficient consideration, is a valid trust, and may be enforced by the trustees in their own names without joining the *cestui que trust.*

**Purchaser Estopped to Question the Validity of the Mortgage he Assumed.**

A purchaser of the mortgaged premises, whose deed is made expressly subject to the debts so secured, is estopped from raising any question as to the validity or sufficiency of the consideration of such mortgage.

Appeal by defendant, William E. Haskell, from an order of the District Court of Hennepin County, *Canty,* J., made December 28, 1891, overruling his demurrer to the complaint.

William Farnsworth and Jacob Rauen were doing a banking business under the name of Bank of North Minneapolis. They became insolvent and made an assignment of their property to pay their creditors. Peter Rauen, the father of Jacob, made an agreement April 12, 1886, with certain creditors of the banking firm, to purchase the balance of the claims of the creditors not paid by the assigned estate, and give to each creditor his note for the balance due such creditor. He agreed to secure payment of all the notes, by a conveyance in

trust to plaintiffs, Eder H. Moulton and George Huhn, of the Rauen Block on the corner of Washington Street and Plymouth Avenue in Minneapolis. Afterwards, on April 28, 1886, he and his wife made the trust deed pursuant to the agreement, but the several amounts due creditors were not then known, and the deed provided for a further instrument in that regard. On August 13, 1886, such further instrument was executed, naming three hundred and forty-eight creditors and the amount due each, aggregating $34,518.92. Peter Rauen and wife afterwards sold and conveyed the Rauen Block to defendant Haskell, subject to the mortgage, and he assumed and agreed to pay it.

This action was brought by the plaintiffs, the grantees in the trust deed, to foreclose the security, sell the block and raise the money due the creditors. Haskell demurred on the grounds that the trust was forbidden by 1878 G. S. ch. 43, § 11, and that the three hundred and forty-eight creditors should have been made parties to the action. The trial court overruled this demurrer, and he appealed.

*Jackson & Atwater*, for appellant.

*Kitchel, Cohen & Shaw*, for respondents.

VANDERBURGH, J. The questions to be determined on this appeal arise upon the demurrer of the defendant Haskell to the complaint for insufficiency and a defect of parties.

1. The complaint shows that the defendant, Peter Rauen, on the 28th day of April, 1886, executed to plaintiffs, as trustees for certain creditors, a certain deed of trust upon the land described in the complaint for the purpose of securing the payment of certain notes executed or to be executed by Peter Rauen to such creditors. A subsequent agreement, dated August 13, 1886, entered into between the trustees named as the grantees in the trust deed and defendant Rauen, in pursuance of an express stipulation in the deed, was by them duly executed, sealed, and acknowledged, wherein, as is alleged, "said parties did refer to said mortgage and the record thereof, and did further recite that said Peter Rauen and Christina Rauen were, at the time of the execution and delivery of said mortgage, unable to state the amounts of the notes intended to be secured thereby, or the

dates thereof, or the names of the payees therein, but have since determined and agreed with said trustees upon the same, and have executed said notes; that in said agreement, dated August 13, 1886, it is expressly agreed that the notes referred to in said mortgage, and intended to be secured thereby, bear date August 13, 1886, and are executed by said Peter Rauen to the respective persons thereinafter named, and for the amounts set opposite said respective names, with interest thereon, payable annually, at the rate of four per cent. (4%) per annum, both principal and interest thereon being payable at the Farmers' & Mechanics' Savings Bank in Minneapolis, Minnesota, and that said notes have printed across the face thereof, and of each of the same, a statement signed by said Eder H. Moulton, under the name of E. H. Moulton, and by George Huhn, that said note is secured by mortgage; that said agreement dated August 13, A. D. 1886, contained the names of said payees and the amounts of said notes."

This supplemental agreement must be read and construed in connection with the trust deed, and removes all uncertainty and indefiniteness in respect to the debts secured thereby, and there can be no doubt that the trust deed, which must be treated as a mortgage, became operative as a valid security for the payment of the notes described in the agreement, and the trustees, Moulton and Huhn, were fully authorized, upon default in the payment thereof, to proceed to foreclose the same by an action in the district court. The trust is not one forbidden by our statute of uses and trusts. A mortgage is a mere chose in action. If assigned in trust it would be deemed a trust in personal property, and it is none the less so when executed to a mortgagee in trust to collect and apply the proceeds. The nature of the security would be the same in either case, and it would be enforced in the same way. *Bucklin* v. *Bucklin,* 1 Abb. Dec. 242; *Bunn* v. *Vaughan,* Id. 253.

But if it were otherwise, it is a valid trust under 1878 G. S. ch. 43, § 11, subd. 2. It is a mortgage in trust to satisfy a charge upon the land mortgaged, and it is not material that the charge is created by the same instrument, that is, by the mortgage. It is not neces-

sary that the charge should be a pre-existing one. *Bucklin* v. *Bucklin, supra.*

We have no doubt that the complaint, on its face, shows a sufficient consideration for the mortgage and notes.

2. But the defendant Haskell, long before the commencement of this action, purchased the mortgaged premises expressly subject to the mortgage, and assumed the payment of the mortgage debt, which had previously been defined and fixed by the agreement of August 13, 1886, above referred to. As he has taken title to the premises subject to the mortgage, and agreed to pay the amount of the indebtedness as a part of the consideration of the deed, he cannot now be heard to raise any question as to the validity or sufficiency of the original consideration for the mortgage security. *Alt* v. *Banholzer,* 36 Minn. 57, (29 N. W. Rep. 674.)

3. There is no defect of parties. The plaintiffs are trustees of an express trust, and entitled to maintain the action. Besides, the trust is an active one, and the plaintiffs are entitled to collect the debts or enforce the security in discharge of the trust. Any question as to the claimants of the funds or the ownership of the notes must be settled detween the trustees and the *cestui que trust,* and do not concern the defendant.

Order affirmed.