Powell v. Petteway—Syllabus.

———————

MAGGIE E. POWELL, *et al., Appellants,* v. G. A. PETTEWAY RECEIVER, &c., *Apppellee.*

Opinion Filed January 15, 1915.

A subsequent purchaser, who expressly assumes the payment of a prior existing mortgage upon the property he buys, as a part of the purchase price for such property, is estopped to defend against the foreclosure of such mortgage upon the ground of usury; and a person claiming title under one who is estopped will also be bound by the estoppel, even though the last right is based on a quit claim deed, containing no express resognition of the usurious mortgage, and even though the penalty for usury extends only to the interest.

Appeal from Circuit Court for Hillsborough County; F. M. Robles, Judge.

Order affirmed.

*K. I. McKay* and *C. M. Phipps,* for *Appellants;*

*McMullen & McMullen,* for Appellee.

WHITFIELD, J.—It appears that on May 1, 1907, E Valentine, W. H. Godwin and Polly V. Godwin, wife of W. H. Godwin, executed a mortgage lien on certain Lots 3 and 4 of Block 1, Greenville's Subdivision Hillsborough County, to the Ybor City Building & Loan Association; that on June 28, 1907, Valentine conveyed his interest in the premises to Polly V. Godwin subject to the mortgage which mortgage debt the grantee expressly assumed; that on January 6, 1910, Godwin and wife conveyed the property to Annie L. Ritter, "subject to a certain mortgage held by the Ybor City Building & Loan Association  * which the said party of the second part agrees to pay as part of the consideration within mentioned;" that on January 10, 1910, Annie L. Ritter, joined by her husband conveyed Lot 4 to J. B. Abbott as guardian for Earley L. Abbott, subject to the mortgage and the grantee expressly agreed "to assume one-half (1/2) of said mortgage as part of the consideration herein mentioned;" that on January 13, 1910, Annie L. Ritter joined by her husband conveyed Lot 3 to J. W. Dansby who expressly agreed "to assume one-half (1/2) of said mortgage as part of the considerations herein mentioned;" that on July 15, 1913 Dansby quit-claimed Lot 3 to Maggie E. Powell; that on March 14, 1913, Abbott as guardian quit-claimed the in terest of Earley L. Abbott in Lot 4 to Maggie E. Powell; that on December 27, 1912, P. V. Godwin joined by her husband quit-claimed Lot 3 to Maggie E. Powell. Proceedings to enforce the mortgage lien on the two lots

were brought by the receiver of the Building & Loan As
sociation, the mortgagee, against Maggie E. Powell and
her husband who present usury as a defense. The court
sustained exceptions to the answer setting up the defense
of usury and the defendants appealed.

In Key West Wharf & Coal Co. v. Porter, 63 Fla. 448,
58 South. Rep. 599, 31 Ann. Cas. 173, this court held on
the ground of estoppel that "a subsequent purchaser, who
expressly assumes the payment of prior existing mort-
gages upon the property that he buys, as a part of the
purchase price for such property, is estopped to defend
against the foreclosure of such mortgages, * upon the
ground of usury;" and that "it is well settled also that
a person claiming title under one who is estopped will
also be bound by the estoppel." This holding is adhered
to and makes it unnecessary to discuss the contention as
to the proper construction of the statute of this State
relative to usury.

It is argued that the above rule should not be applied
in this case, since the title of the appellants "is based
upon quit-claim deeds which contain no condition where-
by the payment of any part of said usurious mortgage is
imposed upon them." But the appellants have no greater
rights as to defenses than their immediate predecessors
in title had under whom they are claiming and to whom
the rule excluding the defense of usury was applicable.
And the rule is not made inapplicable because there was
no express recognition of the here asserted usurious
character of the mortgage indebtedness, or because the
statute only cuts off all interest as a penalty for usury.

The further argument that as one of the original mort-

gagors, P. V. Godwin, quit-claimed Lot 3 to Maggie E. Powell, the latter may assert a defense that would be available to the original mortgagor, cannot avail for the reason that Maggie E. Powell claims title to Lot 3 by conveyances from the original mortgagors through Ritter, Abbott and Dansby, and the quit-claim from Polly V. Godwin to Maggie E. Powell is not material here even if it could confer the right to plead usury.

The order appealed from is affirmed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS JJ., concur.