## CORDELL v. LINCOLN NAT. LIFE INS. CO. et al.

### No. 2825.

Court of Civil Appeals of Texas. El Paso.

May 4, 1933.

Rehearing Denied May 25, 1933.

Oscar Reed, of Fort Worth, for appellant.

John D. Reese, of McKinney, for appellees.

WALTHALL, Justice.

This is a suit to recover on a usurious contract. The suit was brought by appellant, M. C. Cordell, against the Lincoln National Life Insurance Company and A. Y. Creager Company, for the recovery of usurious interest and the penalty allowed by law, alleged to have been collected by the appellees from the appellant. The petition states, in substance, that the appellant assumed an indebtedness created by F. A. Roman and wife covering a tract of land purchased by appellant, a part consideration for which was the assumption of the indebtedness created by said F. A. Roman and wife, and owing to appellees, the indebtedness evidenced by two series of notes, secured by two deeds of trust upon the property purchased by appellant, Cordell, said note bearing interest at the rate of 6 per cent. per annum, and a series of eleven notes, one for $6.13, and ten notes for $35 each, bearing interest at the rate of 10 per cent. per annum from maturity, all the notes executed as parts of one transaction, thus admittedly constituting a usurious contract. It was alleged that appellant paid all of said notes.

The court sustained appellee's general demurrer, and appellant refusing to amend, his suit was dismissed, and from that order appellant prosecutes this appeal.

### Opinion.

■ Appellant was not a party to the original debt and obligation alleged to be usurious. The petition shows that the usurious obligation was created by Roman and wife, and that subsequently appellant purchased the land securing such debt and assumed the obligation as a part of the purchase price. The rule of decision is well established that usury cannot be pleaded by a purchaser who assumes a usurious debt or obligation as part of the purchase price. B. & L. Association of Dakota v. Price, 18 Tex. Civ. App. 370, 46 S. W. 92 (writ of error denied), holding that one who, as part consideration of a purchase, agrees to pay a certain obligation, is estopped to plead usury. The rule is based on the well-established principle that when a party buys property, and, in the purchase, assumed to pay off and satisfy an existing lien thereon, he thereby becomes personally liable for the

lien debt and he cannot dispute its validity. Michigan Savings & Loan ,Association v. Attebery, 16 Tex. Civ. App. 222, 42 S. W. 569. To the same effect is Bowman v. Bailey (Tex. Civ. App.) 203 S. W. 922 (a writ of error refused), holding that plaintiff in error in purchasing the car had assumed to pay the notes (charged to be usurious), and he is not in an attitude to plead usury, as his liability arises from the assumption of the notes. See, also, North Texas Building & Loan Association v. Hay, 23 Tex. Civ. App. 98, 56 S. W. 580; Southern Home Bldg. & Loan Association v. Winans, 24 Tex. Civ. App. 544, 60 S. W. 825; Vaughn v. Mutual Bldg. Association (Tex. Civ. App.) 36 S. W. 1013.

The court was not in error in sustaining the demurrer, and the case is affirmed.