## VOLUNTEER STATE LIFE INS. CO. v.
## ROBINSON et al.
## No. 4247.

Court of Civil Appeals of Texas.
Amarillo.
June 25, 1934.

Rehearing Denied Sept. 10, 1934.

Davidson, Doss & McMahon, of Abilene, for appellant.

Lockhart & Brown, of Lubbock, for appellees.

JACKSON, Justice.

The record discloses the following facts:

March 16, 1926, T. J. Cole and wife, Mattie Cole, owned the fee-simple title to section No. 485, block 1, in Lynn county, Tex. On said date they executed a first deed of trust covering said section to secure the Southern Mortgage Company in the payment of the principal sum of $11,000, evidenced by five notes, four in the sum of $750 each, due respectively January 1, 1932, to 1935, inclusive, and one for the sum of $8,000, due January 1, 1936. Each of said notes contained the usual acceleration clause and provided for interest payable annually at the rate of 6 per cent. per annum until maturity and 10 per cent. per annum thereafter. At the same time T. J. Cole and wife gave, subject to the first, their second deed of trust on the land to secure the Southern Mortgage Company in the payment of $2,200, evidenced by five notes for $440 each, due respectively January 1, 1927, to 1931, inclusive. Each of these notes provided for interest at the rate of 10 per cent. per annum from maturity, that they should be paid in full and not depreciated on account of any optional payment which might be made on the first mortgage notes.

January 27, 1927, the Southern Mortgage Company sold and transferred to the Volunteer State Life Insurance Company for a valuable consideration the five notes aggregating $11,000, secured by the first deed of trust.

In August, 1927, T. J. Cole and wife conveyed to Robert L. McDonald, Jr., the south one-half of said section for certain cash and notes, "and the further consideration of the assumption by said Robert L. McDonald, Jr., of $5,500.00, being the one-half of $11,000.00 loan outstanding against the entire section. Said amount being fully described in the deed of trust executed by T. J. Cole and wife Mattie Cole to the Southern Mortgage Company of Abilene, Texas, of record in Vol. 12, page 485, et seq. of deed of trust records of Lynn County, Texas, and the further consideration of the assumption of one-half of $1,760.00, being the remainder due on a deed of trust executed by T. J. Cole and wife Mattie Cole to Southern Mortgage Company of Abilene, Texas, recorded in Vol. 12, page 462, et seq., deed of trust records of Lynn County, Texas."

On January 12, 1929, Robert L. McDonald, Jr., conveyed to B. H. Robinson the S. E. ¼ of said section in consideration of certain cash and notes and "also subject to the first deed of trust loan of $11,000.00 held by the Southern Mortgage Company of Abilene, Texas," against said section.

January 6, 1930, Robert L. McDonald, Jr., conveyed to F. O. Greathouse the S. W. ¼ of said section for a consideration of cash and notes and "the assumption and agreement to pay by the said F. O. Greathouse of an amount of twenty-seven-hundred and fifty ($2,750.00) and no/100 dollars of a certain indebtedness of $11,000.00, said indebtedness secured by a deed of trust of date March 16, 1926, having been executed by T. J. Cole and wife Mattie Cole, due and payable to the Southern Mortgage Company of Abilene, Texas, said deed of trust shown of record in Vol. 12, page 458, deed of trust records of Lynn County, Texas, said note in the sum of $11,000.00," covering all of said section.

On April 11, 1930, F. O. Greathouse and wife conveyed to B. H. Robinson the S. W. ¼ of said section for certain consideration and "subject to $2,750.00 of a certain indebtedness of $11,000.00, said indebtedness secured by a deed of trust of date March 16, 1926, having been executed by T. J. Cole and wife Mattie Cole, due and payable to Southern Mortgage Co. of Abilene, Texas, said deed of trust shown of record in Vol. 12, page 458, deed of trust records of Lynn County, Texas * * * and subject to $275.00 accrued interest" and certain unpaid taxes.

January 3, 1927, T. J. Cole and wife conveyed to B. H. Robinson the north one-half of said section for a recited consideration of $6,200 cash, receipt acknowledged, "and subject to the following indebtedness, to-wit: one-half of one certain promissory note in the sum of $11,000.00, executed by T. J. Cole and wife to the Southern Mortgage Co.; and secured in its payment by deed of trust shown of record in Vol. 12, page 458, et seq., deed of trust records of Lynn County, Texas; also a one-half of $2,200.00, same being a second deed of trust executed by T. J. Cole and wife, of same date as first deed of trust and shown of record in Vol. 12, pages 462, et seq., of the deed of trust records of Lynn County, Texas, both of said deeds of trust of date March 16, 1926, and being more particularly described in each of said deeds of trust to which reference is here made."

In February, 1932, the Volunteer State Life Insurance Company exercised its option, declared the indebtedness secured by the first mortgage due, and at a trustee's sale on the first Tuesday in March, purchased all of said section and received a trustee's deed therefor.

On March 4th thereafter the plaintiff, Volunteer State Life Insurance Company, instituted an action in trespass to try title in the district court of Taylor county against numerous parties, and secured an interlocutory judgment by default against all of the defendants except M. W. Wood and B. H. Robinson, who filed pleas of privilege which were sustained and the cause as to them transferred to Lynn county, Tex. The plaintiff also alleged in detail the execution of the first series of notes aggregating the sum of $11,000, the first deed of trust, and the provisions thereof given to secure the payment of said notes, and alleged the cause of action and the relief sought against each of the defendants.

The defendant B. H. Robinson answered by general demurrer, general denial, and alleged that the two series of notes and the two deeds of trust were one contract, that such contract was usurious and void as to interest, and the plaintiff acquired no title under the trustee's sale, since, if the payments made and credited on usurious interest had been applied, as they should have been, to the principal, he would not have been in default. He sufficiently pleads the amount of interest paid, the provisions of the notes and deeds of trust which he claims show usury, the balance of the principal unpaid after the application of the payments made to principal. He also sought in a cross-action damages for being evicted from the possession of the land by a writ of sequestration issued at the instance of the plaintiff.

The defendant M. W. Wood alleged that he was in possession of the land as the tenant of B. H. Robinson, and that by virtue of his eviction under the sequestration proceedings he sustained certain damages for which he asked judgment.

In reply the plaintiff pleaded that B. H. Robinson was estopped to urge the invalidity of the notes and deeds of trust by reason of usury (a) because he was the agent of the Southern Mortgage Company in securing the loan and was paid a commission therefor and (b) because he acquired title to all of said section subject to the indebtedness involved; alleging in detail the various transactions and deeds and the provisions thereof by which he acquired title to said section.

On the answers of the jury to special issues submitted and the finding of the court that the transaction was as a matter of law usurious, judgment was rendered that plaintiff take nothing; with the payments made, all the notes of the first series were discharged except a balance of $4,939.73 on the principal of the $8,000 note of said series; and Wood was decreed the sum of $581 as damages, from which judgment the plaintiff appeals.

The appellant contends that appellee B. H. Robinson, as agent for the Southern Mortgage Company, for which it paid him a commission, having negotiated the loan for which the notes were given and the liens created, and having thereafter acquired title to the land subject to the liens so created, is estopped from urging that the transaction was usurious and defeat appellant's lien, whether the transaction was in fact usurious or not.

The provisions of the deed by which title was conveyed to appellee disclose that his grantors recognized the debt and the lien. There is no language in these instruments limiting the debts secured by such liens to the legal amount thereof.

■ A grantee who assumes the payment of an usurious obligation, as all or a part of the purchase price of the land, cannot defeat such obligation or the lien securing it by pleading and proving usury.

"Appellant was not a party to the original debt and obligation alleged to be usurious. The petition shows that the usurious obligation was created by Roman and wife, and

that subsequently appellant purchased the land securing such debt and assumed the obligation as a part of the purchase price. The rule of decision is well established that usury cannot be pleaded by a purchaser who assumes a usurious debt or obligation as part of the purchase price. B. & L. Association of Dakota v. Price, 18 Tex. Civ. App. 370, 46 S. W. 92 (writ of error denied), holding that one who, as part consideration of a purchase, agrees to pay a certain obligation, is estopped to plead usury. The rule is based on the well-established principle that when a party buys property, and, in the purchase, assumed to pay off and satisfy an existing lien thereon, he thereby becomes personally liable for the lien debt and he cannot dispute its validity. Michigan Savings & Loan Association v. Attebery, 16 Tex. Civ. App. 222, 42 S. W. 569. To the same effect is Bowman v. Bailey (Tex. Civ. App.) 203 S. W. 922 (a writ of error refused), holding that plaintiff in error in purchasing the car had assumed to pay the notes (charged to be usurious), and he is not in an attitude to plead usury, as his liability arises from the assumption of the notes. See, also, North Texas Building & Loan Association v. Hay, 23 Tex. Civ. App. 98, 56 S. W. 580; Southern Home Bldg. & Loan Association v. Winans, 24 Tex. Civ. App. 544, 60 S. W. 825; Vaughn v. Mutual Bldg. Association (Tex. Civ. App.) 36 S. W. 1013." Cordell v. Lincoln National Life Ins. Co. (Tex. Civ. App.) 60 S. W.(2d) 474, writ refused.

See, also, Moore et ux. v. Temple Trust Co. (Tex. Civ. App.) 60 S.W.(2d) 828.

■ Appellee Robinson filed a cross-assignment urging as error the action of the court in refusing to credit the principal of the debt with $1,045, the aggregate amount paid on the conveyance by Cole and wife to McDonald of the south ½ of the section and the conveyance by McDonald to Greathouse of the S. W. ¼ of said section.

It will be noted that in each of said conveyances the grantee as a part of the consideration therefor assumed his pro rata of the indebtedness as a part of the purchase price he was to pay for the land conveyed to him. Appellee's contention is not tenable, and the cross-assignment is overruled.

This brings us to a consideration of whether a purchaser who buys property subject to a lien given to secure the payment of an obligation which provides for usurious interest can, to the extent of the interest, defeat the lien by pleading and proving usury.

"The difference between a purchaser of land assuming the payment of a lien indebtedness thereon and in purchasing the land subject to such indebtedness is simply that, in the former case the purchaser becomes personally liable for the payment of the indebtedness, while in the latter case no such personal liability exists. In both cases the indebtedness continues a burden on the land which constitutes the primary fund for the discharge of such indebtedness." Fidelity Union Fire Ins. Co. v. Cain (Tex. Civ. App.) 28 S.W.(2d) 833, 835.

The appellant cites Rice-Stix Dry Goods Co. v. First National Bank of McGregor (Tex. Com. App.) 231 S. W. 386, 388. John F. Gullidge and his wife executed certain promissory notes, payable to the Rice-Stix Dry Goods Company, and gave a deed of trust on certain lots to secure the payment thereof. Thereafter Gullidge conveyed the land to the bank, subject to the notes and deed of trust. In a suit by the Dry Goods Company on the notes and to foreclose its lien, the bank urged as a defense that the lien was void under the Constitution and laws exempting homesteads, because, at the time the deed of trust was executed, the lots constituted the homestead of Gullidge and wife. The Commission of Appeals, in passing on the bank's contention, says: "The uncontroverted facts showing that the bank took the property subject to the record, which revealed the lien and with knowledge that Gullidge recognized the lien as security to protect his indebtedness, it is, as a matter of law, under such facts, estopped to deny the validity of the lien and the mortgagee is therefore entitled to a judgment of foreclosure."

The commission in this opinion also quotes from the Supreme Court of Minnesota in Alt v. Banholzer, 36 Minn. 57, 29 N. W. 674, the following: "So the grantee of land, subject to a usurious mortgage which is absolutely void, cannot question its validity. 'He must pay it if he has agreed to; and, if not, he must allow the lands conveyed subject to it to be applied to its payment.'"

In J. P. Wooten Motor Co. v. First Bank of Swenson et al., 281 S. W. 196, 197, the Commission of Appeals, relative to a purchaser buying a homestead subject to a lien which is invalid, after citing and quoting from the Rice-Stix Dry Goods Co. Case, supra, says: "The principle upon which the purchaser was held liable was denominated that of estoppel. It occurs to us the liability in such case is predicated more upon contract. For if a purchaser under such circumstances agrees that he holds subject to a prior lien, then he does so hold by virtue of his contract,

and any and all persons interested in such promise have a right to enforce it. It is precisely the same principle as if he had assumed the actual payment as a part of the purchase money. Any person interested in the assumption would be entitled to enforce it, as a contract. * * * If the conveyance expressly stipulates that the purchaser does not recognize the pretended incumbrance as valid, then there can be no question. If the purchaser takes the property 'subject' to the lien, then he agrees that the lien is valid and cannot dispute it thereafter."

In Bookhout v. McGeorge, 65 S.W.(2d) 512, 517 (writ dismissed), Associate Justice Looney, for the Court of Civil Appeals at Dallas, says: "McGeorge was entitled to rely upon what the record disclosed at the time of his purchase. It showed a conveyance by Davis to Skipper for a recited consideration of $3,700 to be paid and secured as follows: 'Subject to the notes due the Oklahoma Farm Mortgage Co.' etc. Having purchased the property subject to this outstanding lien indebtedness, Skipper was impliedly obligated to pay and was estopped to attack the loan on the ground of usury. * * * One purchasing real estate with knowledge of the existence of and in subordination to a mortgage, although the mortgage, as to the vendee, may be void, is bound thereby, and is estopped to thereafter dispute the validity of the lien."

This case holds that a purchaser who acquires title to property subject to and in recognition of a deed of trust lien is estopped to assert that such lien is invalid on the ground of usury in the original loan.

"It is presumed that a purchaser subject to a mortgage, bought the land at its value, less the amount of the indebtedness secured by the mortgage. So where a conveyance subject to a mortgage states a nominal consideration, the mortgage debt will be presumed to have been included in the purchase price." 41 C. J. 17, § 755.

The findings of the jury that appellee Robinson was agent for, and paid a commission by, the Southern Mortgage Company for negotiating the loan to T. J. Cole and his wife, is not questioned.

This appellee testified that he did not know why the deed from Cole and his wife conveying the north half of the section recited a cash consideration of $6,200, as not a dime of said amount was paid. Hence the only consideration for such conveyance was the obligation imposed upon him by the purchase subject to the liens evidenced by the deeds of trust, and manifestly the consideration so evidenced was the entire purchase price appellee was to pay for said half section. The grantees of Cole and his wife to the south half of the section assumed the payment of one-half of the debt evidenced by the notes and deeds of trust, and under the provisions of their assumption created a valid lien against the section of land, hence appellee acquired the south half of the section subject to such valid lien, which he could not defeat by a plea of usury, even if the original loan was usurious.

" 'A subsequent purchaser, who expressly assumes the payment of prior existing mortgages upon property that he buys, as part of the purchase price for such property, is estopped to defend against the foreclosure of such mortgages, * * * upon the ground of usury;' and that 'it is well settled also that a person, claiming title under one who is estopped, will also be bound by the estoppel.' " Powell et al. v. Petteway, 69 Fla. 12, 67 So. 230, 231.

See, also, 66 C. J. 321, § 326.

It is admitted that the trustee's sale by which appellant acquired its title was regular and valid, provided it was not rendered void because of the usurious contract under which such sale was made.

It is unnecessary to determine whether or not such contract was usurious, since, under the facts revealed by this record, we are of the opinion that appellee was estopped as a matter of law from attacking the validity of the liens whether such contract was usurious or not.

It is conceded that, if appellee Robinson did not prevail in the suit, appellee Wood is not entitled to recover damages.

The interlocutory judgment entered in Taylor county against certain defendants was made final in the district court of Lynn county, and none of such defendants have appealed.

The judgment is reversed and here rendered in behalf of appellant against both of the appellees.