## VAN METER v. AMERICAN CENTRAL LIFE INS. CO.
### No. 4332.

Court of Civil Appeals of Texas. Amarillo.
Jan. 7, 1935.

Rehearing Denied Jan. 28, 1935.

M. J. Baird, of Plainview, for appellant.

Morgan, Culton, Morgan & Britain, of Amarillo, for appellee.

HALL, Chief Justice.

J. C. Van Meter executed and delivered to Biggs Investment Company his two promissory notes, one for $1,000, due April 1, 1923, and one for $6,000, due April 1, 1932. Both notes provided for interest with interest coupons attached, at the rate of 6½ per cent. per annum until maturity and thereafter at the rate of 10 per cent. per annum. At the same time Van Meter, for the purpose of securing the payment of said notes, executed deeds of trust conveying section 93, block K-5, in Oldham county. This suit was instituted to recover upon the note for $6,000.

Plaintiff Insurance Company, appellee here, alleged that it was the owner and holder of said notes and had acquired the same for a valuable consideration before maturity. It further alleged that on the 6th of November, 1925, J. C. Van Meter, by warranty deed, conveyed the land to his mother, Mrs. Laura Van Meter, and J. M. Scott, who impliedly assumed the payment of said $6,000 note and that plaintiff looked to said purchasers for payment thereof and that said purchasers thereafter made certain payments which were credited on the note. That March 6, 1932, Mrs. Van Meter and Scott reconveyed the land to J. C. Van Meter, who expressly assumed and agreed to pay said obligation. That in each of said deeds a vendor's lien was retained to secure the payment of the note. That by reason of the several transfers, the grantees in the several deeds were the primary obligors. That said $1,000 note had been paid. The prayer is for judgment against J. C. Van Meter for the amount of the note, principal, interest, and attorney's fees, and a foreclosure of the deed of trust lien.

J. C. Van Meter answered by general demurrer, special exceptions which were overruled, and specially alleged that he was the owner by record title of the section of land described in plaintiff's petition. That he borrowed $7,000 from the Biggs Investment Company, executing the two notes described by plaintiff and by sufficient allegations shows that the transaction was usurious. That the second deed of trust was executed to secure certain interest notes which had been executed in addition to the original notes. By specific allegations he shows that the original indebtedness has been satisfied, except $921.-

43, of which amount tender is made in his pleading. As to the remainder claimed by plaintiff, he interposes the defense of usury. His answer is properly verified.

By supplemental petition and in reply to defendant's plea of usury, plaintiff alleges that it is an innocent purchaser for value of the obligations, and further alleges that J. C. Van Meter on November 6, 1925, executed a general warranty deed conveying the property to J. M. Scott and Laura E. Van Meter, and by the terms of said deed the grantor and grantees therein severally recognized the validity of the note and of the deed of trust lien securing the same. That Scott and Mrs. Van Meter entered into a contract of sale with one E. L. Krahn on April 27, 1929, whereby they agreed to convey to Krahn the said section of land, and thereby recognized the validity of the note sued on and the obligation to pay interest according to the terms of said note, as well as the validity of the trust deed lien. That in fixing the purchase price for said land, the parties thereto provided for the payment of $5,000 in cash and the execution by Krahn of promissory notes after deducting from the balance of said consideration the amount of the loan and interest due to date on said premises. The contract further provided that Krahn as part of the consideration should assume the loan and interest due as evidenced by the $6,000 note sued on. They set out the terms of the deeds from J. C. Van Meter to Scott and Mrs. Van Meter and the further deed reconveying the premises to J. C. Van Meter, and alleged that by reason of the transaction and the recitals in said instruments defendant is estopped from interposing the defense of usury.

There was a trial to a jury, but by agreement of the parties the jury was excused and the issues submitted to the court. After hearing the evidence, the court decreed that the cause of action as to the Biggs Investment Company be dismissed and that the American Central Life Insurance Company recover of and from J. C. Van Meter the sum of $8,-349.08, being the amount of its note, principal, interest, and attorney's fees, and that it recover all costs and have a foreclosure of the deed of trust lien.

The first proposition urged by the appellant is that the judgment is unsupported by sufficient legal evidence, in that the court entered judgment herein for the sum of $8,349.-08 and 10 per cent. interest from the date of the judgment until paid, because the contract sued on was originally made with the Biggs Investment Company, and that said company contracted to receive more than 10 per cent.

interest, which facts are apparent on the face of the contract, and further because the undisputed evidence is that payments have been made on the note sued on aggregating $5,162.-34, and therefore the judgment should not have been for a sum exceeding $921.42. Appellants say that this presents fundamental error.

■ It is settled that an assignment of error which requires this court to refer to the statement of facts in its consideration cannot be fundamental error.

The substance of this proposition is that the contract is usurious upon its face. Appellee does not seriously controvert that contention, and it may be admitted without in any wise affecting the final disposition of the case.

■ The second proposition is that the court erred in overruling Van Meter's exception to that part of the plaintiff's supplemental petition wherein it is alleged that at the time it purchased the note sued upon, plaintiff had no notice or knowledge, actual or constructive, of the facts which rendered the contract usurious.

The general rule is that there can be no innocent purchaser of an usurious note, and the correctness of this proposition may also be conceded without in any way affecting the disposition of the case.

Contention is further made that the court erred in overruling another exception to plaintiff's supplemental petition which alleges, in substance, the execution by Van Meter of the deed which conveyed the property to Scott and Mrs. Van Meter and the execution by Scott and Mrs. Van Meter of a contract of sale to E. L. Krahn and the further execution and delivery by Scott and Mrs. Van Meter of a general warranty deed reconveying the land to J. C. Van Meter.

While the proposition is multifarious, it presents the only issue which we consider necessary to discuss in disposing of the case.

The record shows that after J. C. Van Meter had borrowed $7,000 from the Biggs Investment Company, executing a note for $1,000, which, as stated, has been paid, and a second note for $6,000, which forms the basis of this suit, the said notes and lien were assigned to the appellee Life Insurance Company in May, 1922. That thereafter on the 6th day of November, 1925, J. C. Van Meter conveyed the land to Laura E. Van Meter, his mother, a feme sole, and J. M. Scott, by deed which contains the following recital: "For and in consideration of the sum of $10 and other valuable considerations to me in hand

paid by J. M. Scott and Laura E. Van Meter, the receipt of which is hereby acknowledged, and subject to an indebtedness of $6,000 against the lands hereinafter described, have granted, sold and conveyed," etc.

In other respects it is a general warranty deed and does not retain a vendor's lien upon the property conveyed.

Thereafter on the 5th day of March, 1932, Mrs. L. E. Van Meter and J. M. Scott, grantees in the other deed, conveyed the property to J. C. Van Meter by deed which contains the following recital: "For and in consideration of the sum of the assumption of the outstanding indebtedness approximating $6,-000.00 and other valuable consideration. To * * * paid and secured to be paid by J. C. Van Meter as follows: As and when due." This deed also contains a covenant of general warranty and retains a vendor's lien against the property to secure the payment of the $6,-000 note.

During the trial the following stipulation was made in open court: "We have stipulated that the $6,000.00 indebtedness described in plaintiff's exhibits 5, 6 and 7, the two deeds and contract, was the only indebtedness outstanding against this property except the indebtedness which was once held by the Biggs Investment Company and which has been paid—the indebtedness described in the second deed of trust."

July 29, 1930, J. M. Scott wrote the appellee Insurance Company as follows:

"On May 24, 1922, the Biggs Investment Co. assigned to you a loan made by them to Mr. Van Meter on Survey 3, Block K–6, Oldham County, Texas. Later Mr. Van Meter conveyed this property to Mrs. Van Meter (his mother) and the writer [his uncle], brother of Mrs. Van Meter, and we, Mrs. Van Meter and I, are now the owners of this security, as your records will probably show.

"In order to complete a deal we now have on, it is important that we repay your loan in full at this time and we shall thank you to kindly send settlement figures for us to Title Guaranty Co. of Quanah, Texas, and also please advise them how much deposit will be required to secure the abstract for examination. Your best attention will be appreciated."

■ The consideration of "$10.00 and other valuable considerations" recited in the deed which Van Meter made to his mother and uncle, and the further recitation that the conveyance was made "subject to an indebtedness of $6,000.00 against the lands hereinafter described," bring the case within the rule announced in Rice-Stix Dry Goods Co. v. First National Bank of McGregor (Tex. Com. App.) 231 S. W. 386, 388, in which it is said that "the uncontroverted facts showing that the bank took the property subject to the record, which revealed the lien and with knowledge that Gullidge recognized the lien as security to protect his indebtedness, it is, as a matter of law, under such facts, estopped to deny the validity of the lien and the mortgagee is therefore entitled to a judgment of foreclosure."

The record fails to show that up to the time of the execution of this deed J. C. Van Meter had in any way questioned the validity of the debt, and while Scott and Mrs. Van Meter did not expressly assume the payment of the $6,000, they paid only $10, which is a nominal consideration, and it was not shown what the other valuable considerations, if any, consisted of. The rule as announced in Volunteer State Life Ins. Co. v. Robinson (Tex. Civ. App.) 74 S.W.(2d) 188, 192, is stated by Judge Jackson in a quotation from 41 C. J. 17, § 755, as follows: "It is presumed that a purchaser subject to a mortgage, bought the land at its value, less the amount of the indebtedness secured by the mortgage. So where a conveyance subject to a mortgage states a nominal consideration, the mortgage debt will be presumed to have been included in the purchase price."

As said by the court in the Rice-Stix Dry Goods Co. Case, supra: "The same rule applied here was applied by the Supreme Court of Minnesota in Alt v. Banholzer, 36 Minn. 57, 29 N. W. 674. In that case, the grantee purchased the mortgaged property with notice of, and took the deed subject to, the mortgage, and then sought to cancel the mortgage because of its invalidity, in that the property conveyed was the homestead, and that the wife did not join in the execution thereof."

The same contention was made in the Alt Case as appellant makes in this case, and the court held that the vendee of the borrower must pay the debt if he has agreed to, and if not he must allow the lands conveyed subject to it to be applied to the payment of the debt.

■ When the land was reconveyed to Van Meter by his mother and uncle, Scott, Van Meter expressly assumed to pay the indebtedness approximating $6,000, which according to the stipulation is represented by the note sued on. The law is settled in Texas that where a party as part consideration for the purchase of real estate agrees to pay a prior obligation, he is estopped to plead usury. B. & L.

Ass'n of Dakota v. Price, 18 Tex. Civ. App. 370, 46 S. W. 92.

The case of Bookhout v. McGeorge (Tex. Civ. App.) 65 S.W.(2d) 512, is one in which a borrower, who had executed his promissory note for the loan which was shown to be usurious, thereafter conveyed the property subject to the lien indebtedness represented by his usurious note. Later he re-acquired the property, expressly assuming payment of his original indebtedness as consideration for the reconveyance. The case in its main facts is strikingly similar to the instant case, and the court therein held that he was estopped by accepting the reconveyance and his assumption of the original indebtedness from pleading usury as a defense.

The appellee insists that the rule should not apply in this case because J. C. Van Meter was originally liable upon this $6,000 note which he had executed, and in assuming its payment at the time the land was reconveyed to him there was no change in his right to plead usury because he had only agreed to do what the original note bound him to do. When he conveyed the land to his mother and uncle, he divested himself of the legal title and right of possession. The effect of the reconveyance was to reinvest him with the legal title and the right of possession, and this is a sufficient consideration to support his assumption and render him liable according to his undertaking.

It is said in Powell et al. v. Petteway, 69 Fla. 12, 67 So. 230, 231, quoted by Judge Jackson in the Volunteer State Life Ins. Co. Case, supra: " 'A subsequent purchaser, who expressly assumes the payment of prior existing mortgages upon property that he buys, as part of the purchase price for such property, is estopped to defend against the foreclosure of such mortgages, * * * upon the ground of usury;' and that 'it is well settled also that a person, claiming title under one who is estopped, will also be bound by the estoppel.' " Citing 66 C. J. 321, § 326.

The appellant insists that the court erred in not permitting J. C. Van Meter to testify that his mother and uncle had paid part of the consideration for the land, the title to which was taken in his name, and that they were interested in the transaction and had assisted him in making payments upon the original indebtedness. The court excluded the testimony and the error, if any, is harmless. If it had been admitted, the evidence would have tended to show that the mother and uncle had full knowledge of the

condition of the loan and had made payments, thus bringing the case more fully within the rule announced in the Rice-Stix Case supra.

Under all the authorities in which the right of the vendee of property incumbered by usurious loan to plead usury has been discussed in this state, we think a proper judgment has been rendered, and it is affirmed. I. & G. N. R. Co. v. Concrete Investment Co. (Com. App.) 263 S. W. 265, 269; J. P. Wooten Motor Co. v. First Bank of Swenson (Tex. Com. App.) 281 S. W. 197; Moore v. Temple Trust Co. (Tex. Civ. App.) 60 S.W.(2d) 828; Michigan Savings & Loan Association v. Attebery, 16 Tex. Civ. App. 222, 42 S. W. 569; Bowman v. Bailey (Tex. Civ. App.) 203 S. W. 922; North Texas Building & Loan Association v. Hay, 23 Tex. Civ. App. 98, 56 S. W. 580; Southern Home Building & Loan Association v. Winans, 24 Tex. Civ. App. 544, 60 S. W. 825; Vaughn v. Mutual Building Association (Tex. Civ. App.) 36 S. W. 1013; Cordell v. Lincoln National Life Ins. Co. (Tex. Civ. App.) 60 S.W.(2d) 474.

The judgment is affirmed.