### EARNEST et al. v. PEORIA LIFE INS. CO.

### No. 4612.

Court of Civil Appeals of Texas. Amarillo.

May 18, 1936.

Royce A. Oxford, of Plainview, and Jno. A. Coffee, of Hereford, for plaintiffs in error.

C. D. Russell, of Plainview, for defendant in error.

MARTIN, Justice.

Defendant in error, Peoria Life Insurance Company, filed a trespass to try title suit against L. L. Rosser and others. Judgment was for the life insurance company.

In 1920, L. S. Rosser, then owner of the land in controversy, procured a loan of $20,000 from the Commerce Farm Credit Company, giving as security the tract involved here and other lands. Ten interest notes thereon of $400 each were given at the same time, one due each year for ten years. Later this land was sold to the said L. L. Rosser.

Thereafter, in 1925, L. L. Rosser renewed said loan, giving, according to appellant's brief, a note for $27,500. This amount was to take up the following items: $20,000, principal of the aforesaid loan; $3,350, delinquent interest thereon; $1,950, due the First National Bank of Plainview, secured by a second lien on said land; and $2,800, representing seven of the $400 interest notes mentioned above.

Thereafter, in 1926, Commerce Farm Credit Company transferred said last note and lien to defendant in error, which later sold the security at trustee's sale, because of delinquent interest and taxes which it had been forced to pay. The alleged invalidity of this sale is the only legal issue presented here.

Proposition No. 1 is as follows: "Where a loan contract is usurious, a sale made by a trustee for nonpayment of the usurious interest prior to the time the principal is due is prematurely made and void and should be set aside."

No statement appears, in the brief supporting the above, which requires any consideration by us of the point made. Reading the entire brief of plaintiff in error and assuming the statements therein contained to be true, we gather that the item of $2,800, carried forward from the first to the second loan above set out, was unearned interest on the first loan, which it is asserted L. L. Rosser did not owe. Therefore, it is argued, the second loan was usurious, since the holder of same might have matured this amount at the end of the first year and charged it as interest in addition to 7 per cent. therein provided for in the face of said note.

The trial court filed findings of fact and conclusions of law. Among these is a fact finding that the consideration agreed to be paid by L. L. Rosser when he purchased the land was the assumption of all the indebtedness against it. One of the conclusions of law was: "I conclude that as a matter of law when the defendant L. L. Rosser, purchased said land and assumed the payment of indebtedness secured by liens against it, that in so far

as his rights were concerned, the question of usury, if there was usury in said mentioned loans, was eliminated, and that he had no right to thereafter set up a claim of usury as a defense to the payment of such indebtedness." No objections were made or exceptions taken to these below and none are found here. Their correctness is acquiesced in by all parties, and will be assumed in the disposition we make of this case.

In 1925, L. L. Rosser having theretofore assumed the payment of the $2,-800 item, as found by the trial court, could not then raise the question of usury as to such amount. Van Meter v. American Central Life Ins. Co. (Tex.Civ.App.) 78 S.W.(2d) 251 (writ ref.); National Bond & Mortgage Corporation v. Mahanay, 124 Tex. 544, 80 S.W.(2d) 947; 66 C.J. pp. 337, 324, & 250; Kansas City Life Ins. Co. v. Hudson (Tex.Civ.App.) 71 S.W. (2d) 574.

Obviously, his position was not changed when he thereafter renewed the first loan, and incorporated said item in the second.

No attack is made on the regularity of the trustee's sale. Admittedly, it passed good title, if the loan was not usurious, there being delinquent interest and taxes then due and the sale being regular.

We have not found it necessary to particularize the terms of the trust deeds or notes. We are bound under this particular record by the trial court's findings, and other questions need not be discussed.

Judgment affirmed.