The judgment is reversed and the cause remanded.

**RIVAS v. REILE et al.**

No. 11292.

Court of Civil Appeals of Texas. San Antonio.

June 9, 1943.

J. Arthur Sandlin, of San Antonio, and H. H. Jones, of Austin, for appellant.

Moursund, Ball, Moursund & Bergstrom, of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by Louis A. Reile against J. M. Rivas, C. C. Ford, H. H. Jones and Martin Trejo, in trespass to try title to the following described tract of land, lying and being situated in Bexar County, Texas, to-wit: "A tract of land designated as Tract No. 4-E consisting of 80.19 acres of land, being Tract No. 4-E out of original Tract No. 4, CB 4007, Juan Montes Survey No. 6, being the same land designated as Tract No. 4-e on a Plat attached to a certain partition decree rendered in Cause No. B-48073 in the District Court of Bexar County in and for 57th Judicial District of Texas, * * *"

The trial began to a jury but resulted in an instructed verdict in favor of plaintiff upon which judgment was rendered awarding the title and possession for said 60.19 acres of land to plaintiff, Louis A. Reile.

The defendant, J. M. Rivas, alone has prosecuted this appeal.

The appellant, Rivas, contends that the giving of the instructed verdict was error inasmuch as the evidence raised issues of fact which should have been submitted to the jury. We overrule this contention and hold that the instructed verdict was proper.

Appellant contends that a certain mortgage given by him upon this land was secured by the fraud of Al Duran, and furthermore that the note secured by mortgage was not in default at the time Reile had said mortgage foreclosed by means of a trustee's sale.

It appears from the evidence that prior to the time this suit was filed J. M. Rivas had conveyed this 60.19 acres of land to Martin Trejo, and part of the consideration for this conveyance was as follows: " * * * assumption by the said Martin Trejo of one certain promissory note for the sum of $800.00, executed by me on March 29, 1929, payable to the order of Al Duran and secured by a deed of trust lien on the hereinafter described property. * * *"

The note assumed is the one appellant admits signing and the deed of trust lien is the one under the terms of which the land was sold at trustee's sale to appellee. This deed is dated August 31, 1933.

More than a year after this suit was filed appellant obtained a quitclaim deed from Martin Trejo describing the land in question, so that at the time the case was tried appellant's only claim to title to the land depended upon this quitclaim deed. Martin Trejo, having assumed the note secured by a lien, would be estopped to claim that the lien had been obtained by fraud. J. P. Wooten Motor Co. v. First Nat. Bank of Swenson, Tex.Com.App., 281 S.W. 196; Volunteer State Life Ins. Co. v. Robinson, Tex.Civ.App., 74 S.W.2d 188; Lyday v. Federal Land Bank of Houston, Tex.Civ.App., 103 S.W.2d 441.

The deed from Martin Trejo to appellant being a quit-claim deed, appellant took only such title as was held by Martin Trejo. Trejo being estopped to plead that the mortgage was obtained by fraud, his grantee, appellant, was likewise estopped. Straus v. Brooks, 136 Tex. 141, 148 S.W.2d 393.

Appellant contends the trustee's sale held in June, 1933, was void because the notes were not in default at that time. The evidence shows conclusively that the notes were in default by reason of nonpayment of interest, and this contention is overruled.

The judgment is affirmed.