J. H. DUIN, Appellant,

v.

R. H. KING et ux., Appellees.

No. 13387.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 22, 1958.

Darrell G. Lochte, Kerrville, for appellant.

Burkett & Petsch, James E. Nugent, Kerrville, for appellees.

W. O. MURRAY, Chief Justice.

This suit was originally instituted by R. H. King and wife, Carrie King, against C. L. Cunningham and wife, Leslie Cunningham, and J. H. Duin, in the District Court of Kerr County, Texas, seeking to recover the amount of principal, interest and attorney's fees due on certain vendor's lien notes, and to foreclose a deed of trust lien securing the notes, on certain property fully described in plaintiffs' petition, consisting of some 83 or 84 acres of land situated in Kerr County. C. L. Cunningham and wife did not appear at the trial, and judgment by default was rendered against them. J. H. Duin answered, contending that the property involved was the homestead of C. L. Cunningham and wife at the time the notes and deeds of trust were executed, and that therefore the liens were void. The trial was before the court without the intervention of a jury and resulted in judgment in favor of plaintiffs for the principal, interest and attorney's fees due on the notes, together with a foreclosure of the liens on the real estate involved, from which judgment J. H. Duin alone has prosecuted this appeal.

 Appellees replied to the answer of Duin by alleging, in substance, that he was estopped by certain deeds executed by Cunningham and wife to Duin's predecessor in title, and that the homestead, if any, had been abandoned, to which appellant levelled certain exceptions, asserting that the grounds of estoppel alleged and the instruments relied upon by appellees to create the alleged estoppel were founded upon fraud and were not binding upon anyone. The court overruled these exceptions, and in doing so appellant contends that the court committed reversible error. We overrule this contention. Appellant claimed this land through purchase from either the Cunninghams or their grantees. If it be true, as alleged, that the Cunninghams were estopped to plead homestead as a defense against the notes and liens sued upon, then Duin, who claimed under them, would also be estopped if he purchased the land subject to the indebtedness, or for a nominal consideration. 29 Tex.Jur. 910, Mortgages, § 90; 59 C.J.S. Mortgages §§ 397, 424, at pages 561, 649; Rice-Stix Dry Goods Co. v. First National Bank, Tex.Com.App., 231 S.W. 386; Rivas v. Reile, Tex.Civ.App., 172 S.W.2d 700. However, if we be mistaken in this, there being no statement of facts herein, it would be impossible for this Court to determine whether such error, if any, was harmful, and therefore the judgment should not be reversed. Rule 434, T.R.C.P.

Appellant's other points are based upon alleged errors of the trial court in ruling upon the admissibility of evidence, and in the absence of a statement of facts we are unable to determine whether these points are well taken.

The judgment of the trial court will be affirmed.