BUILDING AND LOAN ASSOCIATION OF DAKOTA v. H. M. PRICE.

Delivered February 26, 1898.

**1. Removal of Cause to Federal Court—Usury.**
An action to recover a penalty for usury and to cancel an obligation to pay money does not involve $2000, the amount requisite to give the Federal court jurisdiction in case of diverse citizenship, where the amount due on the obligation, added to the amount of penalty sought to be recovered, is less than $2000.

**2. Usury—Assumed Debt.**
The defense of usury to a mortgage is not available to a grantee of the mortgaged property who assumes the payment of the mortgage as a part of the consideration.

APPEAL from Dallas. Tried below before Hon. EDWARD GRAY.

*Starling & Irish,* for appellant.

*T. E. Conn,* for appellee.

RAINEY, ASSOCIATE JUSTICE.—Appellee H. M. Price brought this action against appellant to recover a penalty for receiving usurious interest, and to cancel an obligation to pay money and a deed of trust executed to secure said obligation, alleging that the amount paid and double the amount of the interest received by appellant would exceed the amount of the loan by $278, for which amount he prayed judgment. The obligation for which the deed of trust was given to secure was executed by Jacob and Bertha Rothchilds, and is as follows:

"Know all men by these presents, That Jacob Rothchild and Bertha Rothchild, his wife, of the county of Dallas and State of Texas, are held and firmly bound unto the Building and Loan Association of Dakota, of the city of Aberdeen, and State of South Dakota, in the sum of four thousand ($4000) dollars lawful money of the United States of America, to be paid to the said association, its attorney, successor, or assigns, at its home office in Aberdeen, South Dakota, to which payment well and truly to be made we bind ourselves, and our heirs, executors, and administrators, jointly and severally, firmly by these presents.

"Sealed with our seals, and dated at Aberdeen, South Dakota, the first day of February, one thousand eight hundred and ninety.

"The condition of this obligation is such that, whereas, said Jacob Rothchild has bid, in accordance with the by-laws of said association, the sum of two thousand ($2000) dollars, as and for a premium for the advancement to him by said association of two thousand ($2000) dollars, by way of anticipation of the value, at their maturity, of forty (40) shares

of the capital stock of said association, now owned by said Jacob Roth-child; and whereas, said association has this day advanced to said Jacob Rothchild the sum of two thousand dollars, in consideration of said premium, and by way of said anticipation.

"Now, therefore, if the above bounded Jacob Rothchild, heirs, executors, and administrators, or any of them, shall well and truly pay or cause to be paid unto the said association, its certain attorney, successors, or assigns, at its said home office, on or before nine years from date hereof, the just sum of four thousand ($4000) dollars, as aforesaid, together with interest on two thousand ($2000) dollars, at the rate of 6 per cent per annum from the first day of February, A. D. 1890, until paid, in money, payable monthly in advance, or shall well and truly pay or cause to be paid unto said association, its certain attorney, successors, or assigns, at its said home office, the sum of twenty-four dollars, on the first day of each and every month hereafter, and as for the monthly dues on said forty shares of the capital stock of said association now owned by the said Jacob Rothchild and by him hereby sold, assigned, transferred, and set over to said association as security for the faithful performance of this bond, and shall also well and truly pay, or cause to be paid, all installments of interest aforesaid and all fines which become due on the said stock, without any fraud or further delay, until said stock becomes fully paid in and of the value of one hundred dollars per share, and shall then surrender said stock to said association; then, and in either of such cases, the above obligation to be null and void, otherwise of full force and virtue.

"Provided, however, and it is hereby expressly agreed, that if, at any time, default shall be made in the payment of said interest, or the said monthly dues on said stock, for the space of six months after the same, or any part thereof, shall have become due, or if said taxes and assessments on the property mortgaged to secure the faithful performance of this bond, be not paid when due, or if the insurance policy or policies on the said mortgaged property be allowed to expire without renewal, then, and in either or any such case, the whole principal sum aforesaid shall, at the election of said association, its successors or assigns, immediately thereupon become due and payable, and the sum of four thousand dollars, less whatever sums have been paid said association, as and for the monthly dues on said forty shares of said capital stock, at the time of said default, may be enforced and recovered at once as liquidated damages, together with and in addition to, all interest and fines then due, and all costs and disbursements, including said taxes, insurance, and assessments which have been paid by said association, anything hereinbefore contained to the contrary notwithstanding.

(Signed)                                      " JACOB ROTHCHILD.
                                              " BERTHA ROTHCHILD."

Subsequent to the execution of said obligation, the land embraced in said deed of trust was conveyed by the Rothchilds to Sophia Miller. In

this deed of conveyance occurs the consideration recited, as follows: "Thirty-five hundred dollars paid and secured to be paid by Mrs. Sophia Miller, as follows: $500 cash in hand to me paid, receipt of which is hereby acknowledged, the assumption by the said Sophia Miller of one certain promissory note, dated ———— 10, 1890, executed by me, payable to the Building and Loan Association of Dakota for $4000, payable at Aberdeen, S. D., and bearing 6 per cent interest, and the execution and delivery to me by the said Mrs. Sophia Miller of one certain promissory note of even date herewith for $1000, payable to my order, bearing interest at the rate of 6 per cent per annum, due and payable seven years after date, payable semi-annually."

Subsequently, Mrs. Sophia Miller, by deed in writing conveyed said land to M. S. Price, appellee. In said deed is the following: "In consideration of the sum of $3500, paid and secured to be paid by M. S. Price, as follows: Six hundred dollars cash in hand paid, the receipt of which is hereby acknowledged, and said M. S. Price and H. M. Price one certain promissory note of even date herewith for the sum of nine hundred and fifty dollars, due and payable to Sophia Miller on or before one year from this date, and the said Price assuming the unpaid balance due the Building and Loan Association of Dakota, evidenced by deed of trust recorded in book 42, page 195, records of deeds of trust of Dallas County, Texas."

Although the obligation recites that Rothchild had borrowed $2000, he in fact received from the association only $1794; the balance of $206 to make the $2000 was reserved by the association to cover certain interest, dues, etc. When Price purchased the land there had been paid on said obligation six monthly installments of $34 each, aggregating $204, and Price paid forty-four installments of $34 each, aggregating $1496—equaling in all $1700. The monthly payments were apportioned as follows: $24 each month being credited under monthly dues, and $10 each month under interest and bonus. On October 18, 1894, Price tendered to the association $334 as the amount then due it, which was declined, and in his original petition again tendered said amount. He, however, subsequently amended his petition and claimed the amount due him on the penalty in excess of the amount paid Rothchild to be $278, for which he asked judgment.

Appellant filed an application to remove the cause to the federal court, which application was overruled.

On May 24, 1897, W. B. Luna intervened, claiming to be a holder of a second mortgage lien on the premises involved. Intervener's claim was a note executed by Price to Mrs. Miller, being part of the consideration for the land purchased by him from Mrs. Miller. He joined with plaintiffs in seeking cancellation of defendant's lien. After the petition to remove was denied, the defendant answered with a general exception and general denial. It also specially excepted to plaintiffs' petition on the ground that plaintiffs were seeking equity, without any offer to do equity. It also pleaded that the plaintiffs had purchased the property

in controversy, and had each assumed and agreed to pay the defendant's lien as a part of the purchase price thereof, wherefore they were estopped from pleading usury. They also pleaded that by reason of its by-laws, which constitute a part of the contract, the loan was not usurious. As against the intervener, W. B. Luna, the defendant pleaded that his assignor had assumed and agreed to pay defendant's lien, wherefore he was estopped from pleading usury. It also offered to give intervener's lien a priority over that of defendant's if the court should be of the opinion that he could avail himself of the defense of usury, and if the plaintiffs could not avail themselves of such defense, defendant asked no relief, but prayed to be dismissed with its costs. The court overruled the defendant's exceptions, and upon a trial without the intervention of a jury judgment was rendered that the lien be canceled upon the payment into court by the plaintiffs of $300 for the use and benefit of defendant. The defendant excepted to this judgment.

*Conclusions of law.*—1. We are of the opinion that the trial court did not err in overruling appellant's application for removal of the cause to the federal court. The ground alleged for removal is, diverse citizenship, and that the value of the matter in dispute exceeds $2000.

There is no controversy about the diverse citizenship. The question to be determined is whether the value of the matter in controversy exceeds $2000, the amount requisite to give the federal court jurisdiction. In arriving at the value of the matter in controversy, we are governed by the amount sought to be recovered as alleged in the petition. Gordon v. Longest, 16 Pet., 97; Kanonn v. Martin, 15 How., 198.

The effect of plaintiff's petition is, that by reason of the contract being usurious, the defendant was not authorized to receive more on same than the amount loaned, and that as defendant had received interest on same, plaintiff was entitled to recover the statutory penalty of double the amount of the interest so paid by plaintiff and received by defendant, which, together with the amount paid on said contract, would be sufficient to pay off and discharge the original amount loaned, and leave due plaintiff $278. Applying the amounts paid on the obligation to the original amount loaned, the amount due thereon when suit was instituted, added to the amount of penalty sought to be recovered, would not equal the sum of $2000.

"The amount actually due ( as shown by the petition) at the time the action is commenced, is the amount in controversy for the purpose of determining the jurisdiction of a federal court." Fuller v. Insurance Co., 37 Fed. Rep., 163.

We are of the opinion that plaintiff's petition shows on its face that the amount in controversy is less than $2000, and defendant was not entitled to have the cause removed to the federal court.

2. It is clear that the obligation is usurious. Loan Association v. Griffin, 90 Texas, 480. Although usurious, the appellees are not in a condition to take advantage of the same.

The evidence shows that when Mrs. Miller purchased the land of Rothchild she assumed the payment of the obligation held by appellant against Rothchild, the assumption thereof being a part of the consideration for the conveyance of said land to her. When Price purchased the land from Mrs. Miller he assumed the payment of said obligation, the assumption thereof being a part of the consideration for the conveyance of said land to him. Rothchild had a right to avoid the contract as to interest, or not, on account of same being tainted with usury, as he saw proper; but having parted with his land in part consideration of said obligation being paid, the right to plead usury did not pass to the parties holding under him, they having assumed the payment of the obligation. Vaughan v. Building Association, 36 S. W. Rep., 1013; Savings Association v. Atterbery, 42 S. W. Rep., 569.

3. The intervener stands in the same attitude to the matter that Price does.

The judgment of the court below is reversed, and judgment is here rendered for appellant.

*Reversed and rendered.*

ON MOTION FOR REHEARING.

Delivered March 26, 1898.

Counsel for appellees in his motion for rehearing strenuously insists that, as the contract was usurious the same as to interest is nonenforceable, and many cases are cited and discussed in support of this contention. We are of opinion that our holding is not in conflict with the decisions so cited. Had Price bought the property without assuming the obligation mentioned, a different question would have been presented. The consideration he contracted to pay was $3350, to be paid as follows: He assumed a note given by Mrs. Miller for $350; he executed his note for $1000, and the balance of $2000 he agreed to pay on the loan and building contract, etc. The loan contract is not enforceable by virtue of its own merit, but by virtue of the contract made by Price when he assumed to pay it. The vendor had the right to contract for the payment of the consideration for the property in such manner as he desired; and having contracted that Price should pay it to the loan association, Price is bound to the extent of the consideration he agreed to pay.

The motion is overruled.

*Overruled.*

Writ of error refused.