## JACKSON v. AMERICAN CENTRAL LIFE INS. CO.
### No. 4333.

Court of Civil Appeals of Texas. Amarillo.
Jan. 7, 1935.

Rehearing Denied Jan. 28, 1935.

M. J. Baird, of Plainview, for appellant.

Morgan, Culton, Morgan & Britain, of Amarillo, for appellee.

HALL, Chief Justice.

The appellee, American Central Life Insurance Company, filed this suit originally against J. W. Gordon and wife, F. W. Gordon and wife, and Mrs. Pearl Jackson, to recover upon a promissory note and foreclose a deed of trust lien upon section 64, block K–5, in Deaf Smith county.

In the original petition appellee alleged that on September 1, 1922, F. W. Gordon and wife, J. W. Gordon and wife, and O. A. Barrett and wife, executed and delivered to the Biggs Investment Company two certain promissory notes payable to said company, one note in the sum of $625 which plaintiff alleges has been paid and a second note for $7,500 which forms the basis of this suit, made due and payable September 1, 1932, with interest at 6½ per cent. per annum as evidenced by interest coupons attached, and further providing for interest at the rate of 10 per cent. per annum, payable annually.

At the same time the payors of said notes executed a deed of trust to secure the payment of said note, fixing a lien upon the above-mentioned section of land.

November 22, 1922, the Biggs Investment Company sold and transferred both notes, together with the lien, to the appellee Insurance Company, for value paid. About August 2, 1923, F. W. Gordon and wife by warranty deed conveyed to O. A. Barrett their one-third interest in said land and premises. The consideration recited in the deed is: "The sum of $3208.33 cash in hand paid and secured to be paid by O. A. Barrett, the receipt of which is hereby acknowledged, said payment to be made as follows: $500.00 in cash and the assumption of the payment of a one-third undivided interest in one certain note for the sum of $8125.00 held by the Biggs Investment Company." The deed contains a covenant of general warranty and expressly retains a vendor's lien to secure the note described therein.

On January 3, 1924, O. A. Barrett and wife conveyed by general warranty deed said land to J. W. Gordon, who assumed to pay the two notes first above mentioned. The deed recites the following consideration: "The sum of $10,591.61 to us paid and secured to be paid by J. W. Gordon of Donley County, Texas, as follows: $466.65 cash in hand paid, the receipt of which is hereby acknowledged;

the cancellation of one certain promissory note in the amount of $2,000.00 due 9–26–1924 and dated at Clarendon, Texas, 9–26–23 and secured by a deed of trust on the hereinafter described land; the assumption of one certain promissory note in the sum of $625.00 due 9–1–1923 secured by a deed of trust on the hereinafter described land and held by the Biggs Investment Company, Amarillo, Texas; and the assumption of one certain promissory note in the sum of $7500.00 due 9–1–32 and held by the Biggs Investment Company, Amarillo, Texas, and the interest on all of said notes and the payment of the 1923 taxes on the hereinafter described land." This instrument contains a general warranty clause.

On June 9, 1927, J. W. Gordon and wife by general warranty deed conveyed the property to Mrs. Pearl S. Jackson, appellant herein. The consideration recited in this deed is: "The sum of $16,800.00 to us paid and secured to be paid by Pearl S. Jackson out of her own separate money and for her own separate use and benefit as follows: $2,000.00 cash; the assumption of one certain promissory note in the sum of $7500.00 due Sept. 1, 1932 and held by the Biggs Investment Company, Amarillo, Texas, and the execution and delivery of the following described vendor's lien notes:" The six notes therein described are not involved in this action. This deed reserved a one-half interest in and to a one-eighth royalty of the mineral rights in said land, contains a general warranty clause, and reserves a vendor's lien to secure the payment of the notes.

On December 29, 1933, the appellee Insurance Company filed its first amended original petition in which Pearl S. Jackson is alone named as defendant. Mrs. Jackson answered by verified plea, alleging that at the time she purchased the land in question she was duly and legally married to H. M. Jackson, since deceased. She denied that she had assumed to pay any of the sums as alleged by plaintiff or to pay the interest upon the notes sued on. She further answered that the note sued upon, together with the interest coupons, was usurious, setting out the facts upon which she based such allegation. She further alleged that a second deed of trust upon the same land and as part of the same transaction, to secure a series of notes therein described which represented additional interest on the loan, had been executed. She alleged that she had paid $5,496 as usurious interest on said $7,500 note and tendered the balance of $2,240 into court and prayed for the cancellation of said note and trust deed liens.

The plaintiff filed a supplemental petition alleging that the several grantees mentioned in its original petition, including Pearl S. Jackson, had purchased the land and assumed the debt sued on, and that it had recognized said purchasers severally each in their turn as the principal obligor and primarily liable for said debt.

A jury was demanded and impaneled, but after the introduction of the evidence it was agreed that there was no question of fact to be decided, and the jury was discharged and the controversy submitted to the court.

Appellee's counsel announced in open court that it no longer desired to prosecute its cause of action against J. W. Gordon and F. W. Gordon and took a nonsuit as to them. It was shown that Mrs. Jackson was a married woman at the time she purchased the land and assumed the payment of the note. An agreement between the appellee Insurance Company and J. W. and F. W. Gordon was introduced which, in substance, recites the consideration of $1 and other good and valuable considerations paid to the Gordons by the Insurance Company whereby the Gordons released the Biggs Investment Company and the American Central Life Insurance Company of and from any and all claims which the Gordons might have against said corporations by virtue of certain payments made by the Gordons as interest on the two original notes and upon the seven notes subsequently executed and secured by the second deed of trust. It was further stipulated that any payments previously made by the Gordons to either of the corporations might be credited as interest on said notes. In consideration of such release the appellee Insurance Company agreed not to take any personal judgment against either of the Gordons upon the note sued on.

The case is presented here upon three assignments of error which are submitted as propositions. These propositions are mingled with statements from the record, the testimony of witnesses, and documentary testimony to such an extent that it is difficult to ascertain the real point urged as error in either of them.

By the first proposition appellant seems to contend that the court erred in rendering judgment foreclosing the lien upon appellant's land when no judgment was rendered against either of the Gordons or Barrett, who it is contended were primarily liable for the debt sued for.

By the second proposition it is contended that the court erred in overruling appellant's exception to section 8 of appellee's supple-

mental petition. Section 8 sets out the facts with reference to the assumption of the debt in turn by the Gordons and by Barrett, which facts it is declared estop the appellant from setting up the defense of usury. The exception to that part of the pleading is that it fails to state sufficient facts to constitute an estoppel and alleges merely a conclusion of law. There is no merit in the contention.

By the third assignment it is insisted that the court committed fundamental error in rendering judgment for the full amount of the debt because the undisputed evidence is that the contract sued on is usurious on its face and the testimony is undisputed showing that all of the amount due had been paid except $2,689, which was tendered into court.

■ Referring to the first proposition, we do not agree that after the land had been conveyed to Mrs. Jackson, Barrett and the Gordons were primarily liable for the indebtedness. Her assumption rendered her primarily liable, and after the conveyances Barrett and the Gordons were only secondarily liable. The argument was made that because Mrs. Jackson was a married woman at the time she purchased the land and assumed the payment of the $7,500 note, no personal judgment could be recovered against her. We think this contention is correct, because the indebtedness was not incurred for the benefit of her separate property nor for any reason which under the statute would render her personally liable therefor. It must be admitted that if she had failed to plead her coverture, judgment could have been rendered against her. It cannot be insisted, in the absence of such plea, that the rule which made her primarily liable and rendered Barrett and the Gordons secondarily liable is abrogated. It is settled in this state that in such cases the mortgagee may proceed against the property and have a foreclosure of the mortgage lien upon the land without seeking to recover a personal judgment against the mortgagor in the same suit. Griffin v. Stone River National Bank (Tex. Civ. App.) 80 S. W. 254. Separate suits may be brought by the mortgagee or his assignee to foreclose the lien of a mortgage and to recover a personal judgment upon the debt which the mortgage was given to secure. Jordan v. Massey (Tex. Civ. App.) 134 S. W. 804.

■ There was no error in rendering judgment against Mrs. Jackson establishing the amount of the debt and ordering that the amount be made only out of the proceeds of the sale of the land and that no execution should issue against her personally for the collection of any balance due after the proceeds of the sale of the land had been applied on the judgment. One who as part consideration for the purchase of real estate or even personal property agrees to pay a certain outstanding obligation is estopped to plead usury. The rule is based on the well-established principle that when a party buys property and in the purchase assumes to pay off and satisfy an existing lien thereon, he thereby becomes personally liable for the lien debt and he cannot dispute its validity. Volunteer State Life Ins. Co. v. Robinson (Tex. Civ. App.) 74 S.W.(2d) 188; Building & Loan Association of Dakota v. Price, 18 Tex. Civ. App. 370, 46 S. W. 92; Bowman v. Bailey (Tex. Civ. App.) 203 S. W. 922; Michigan Savings & Loan Association v. Attebery, 16 Tex. Civ. App. 222, 42 S. W. 569.

The judgment is affirmed.