**THOMAS et al. v. LOLLAR.**

No. 5939.

Court of Civil Appeals of Texas. Amarillo.

Jan. 31, 1949.

Rehearing Denied March 7, 1949.

Crenshaw, Dupree, Milam & Crenshaw, of Lubbock, for appellants.

Nelson & McCleskey, of Lubbock, for appellee.

STOKES, Justice.

The record in this case reveals that prior to July 6, 1946, a Texas corporation known as Johnson Aircraft, Inc., was formed for the purpose of manufacturing airplanes, its factory and place of business being located at Fort Worth. Also, prior to that time, another corporation was organized as Rocket Aircraft Sales Corporation for the purpose of selling and distributing throughout the United States the airplanes manufactured by Johnson Aircraft, Inc., and it also maintained its office and place of business at Fort Worth. Appellants, L. D. Thomas and M. L. Young, were the principal stockholders and officers of the sales corporation and a contract was executed between the two corporations under which the sales corporation procured the exclusive right to sell and distribute the airplanes manufactured by the Johnson corporation. In response to advertisements appellee, Ernest Lollar, a resident of the State of Iowa, went to Fort Worth and instituted negotiations with appellants, as the officers and representatives of the sales corporation, which resulted in the grant to appellee of the exclusive right to sell the airplanes in the State of Iowa. The contract provided that appellee would deposit with the sales corporation the sum of $500 as an advance payment upon each airplane purchased by him for future delivery, the balance to be paid as and when the airplanes respectively were delivered to him. Similar contracts were made with dealers in other states and sections of the country and all of the contracts contemplated that the airplanes would be equipped with serial numbers which would be allocated to the various dealers in the order in which they deposited with the sales corporation the advance payments of $500, the corresponding airplanes to be delivered as manufactured and in accordance with the serial numbers held by the respective dealers. Appellee made a number of deposits with the sales corporation in anticipation of receiving an airplane representing each serial number held by him as and when they were manufactured, his deposits ultimately amounting to the sum of $30,000. After it had manufactured a few airplanes, the Johnson corporation encountered financial difficulties which resulted in its failure to comply with the contract it had made with the sales corporation and such failure rendered the sales corporation incapable of complying with its contracts with its dealers, including the appellee. Much dissatisfaction arose among the dealers and a large number of them held a meeting at Fort Worth for the purpose of devising some plan by which the Johnson corporation would be enabled to proceed with its enterprise and in this meeting heated discussions arose concerning both corporations. Appellee and his attorney insisted upon a return to appellee of all the money which he had deposited with the sales corporation as advance payments and negotiations between them resulted in an agreement that appellants would execute to appellee their note in the sum of $30,000 and, as security therefor, appellant Thomas would execute a deed of trust on property owned by him located in Lubbock. The note, payable twelve months after date, and the deed of trust were executed in accordance with the agreement on July 6, 1946.

On June 27, 1947, shortly before the note fell due, appellants instituted this suit against appellee in which they alleged that appellant Thomas was a married man and the head of a family; that he was such on July 6, 1946, when he executed the deed of trust to secure the payment of the note held by appellee; that, on the date he executed the deed of trust the Lubbock property, upon which the lien was given, constituted the homestead of himself and his family; that it had been such since February 15, 1944; and that it was still their homestead when the suit was filed. They

alleged all of the elements, such as appropiration, use and occupancy, necessary to constitute a homestead under the law and, further, that the note secured by the deed of trust was not given for any of the purposes for which a lien upon a homestead in this state can be created, and that Bertha Thomas, wife of L. D. Thomas, did not join him in its execution.

They further alleged that on numerous occasions, particularly when the meetings were held at Fort Worth by the distributors with whom the sales corporation had made contracts, appellee and his attorney made threats against appellants and told them that the other distributors were contemplating the institution of criminal prosecutions against appellants for fraudulent use of the United States mail in connection with representations and statements concerning the manufacture and sale of the airplanes and that they told appellants they would join the other distributors and institute prosecutions against appellants in an effort to send them to the penitentiary unless appellants would execute a note for the amount of the deposits that had been made by appellee and give ample security therefor. They alleged that the note and deed of trust were executed by them only because of their fear that, if they did not do so, such prosecutions would be instituted; that they were worried, harassed and confused by such threats; ignorant of their rights, and believed that appellee and his attorney would carry out the threats unless the note and deed of trust were executed. They alleged they were not personally indebted to appellee in any sum whatever but that the only claim he had, if any, was against the Rocket Aircraft Corporation, and that, the note and deed of trust being executed under duress, were void and of no binding effect. They alleged further that the deed of trust was void because the property upon which a lien was attempted to be given was the homestead of appellant Thomas and his family, and prayed that the note and deed of trust be cancelled, set aside and held for naught; that the homestead property and the title thereto be declared free and clear of the deed of trust; that the cloud cast upon the title be removed; that they be discharged from all liability upon the note; and that they have such other and further relief to which they might show themselves entitled.

Appellee answered by a general denial and reconvened by a cross action upon the note and deed of trust in which he prayed for judgment for the amount of principal, interest and attorney's fees due upon the note and for foreclosure of the deed of trust lien on the property covered by it.

The case was submitted to a jury upon special issues, in answer to which the jury found that, at and before the time the note and deed of trust were executed by appellants, appellee's attorney had made threats against appellants to the effect that, if the note and deed of trust were not executed, he would institute, or cause to be instituted, criminal prosecutions against them for using the United States mail to defraud, and would put them in the penitentiary, but that such threats alone did not cause appellants to execute the instruments. It further found that, in consideration of the execution of the note and deed of trust, appellee released the Rocket Aircraft Sales Corporation from any further liability to him on account of the deposits made by him; that prior to the execution of the note and deed of trust, the sales corporation promised to return to appellee the deposits made by him; that appellee accepted the note and deed of trust in full satisfaction of the deposits and extended the time previously agreed upon for their return to him; that appellants had also agreed to return the deposits to appellee; and that the note executed by appellants was the instrument representing their agreement to do so.

The record shows that appellant owned a house and premises near Fort Worth known as the Rocket Ranch and that appellant, L. D. Thomas, occupied it when his business affairs required his presence at Fort Worth in connection with the manufacture and sale of the airplanes and that his wife and daughter spent weekends there on numerous occasions, sometimes remaining for longer periods. A special issue was submitted to the jury concerning the homestead character of the Fort Worth property and the jury found that Thomas and his wife did not use and occupy it as

their residence and homestead. It further found that the reasonable cash market value of the Lubbock property when it was purchased by appellant Thomas was $15,000 and that the value of the land at that time, without regard to the improvements, was $4,500. The court submitted to the jury special issue number 2 in which it was requested to find whether or not, on and prior to July 6, 1946, the date upon which the note and deed of trust were executed, appellant Thomas, his wife and minor daughter, used and occupied as their resident homestead any part of the building located upon the Lubbock property. The jury did not answer this special issue and informed the court its members were not able to agree upon an answer to it. The court received the verdict, however, and appellee thereupon presented a motion in which he urged the court to render judgment in his favor upon the note. The motion was overruled and appellee then filed and presented to the court a complete waiver of the deed of trust lien in which he prayed for personal judgment against appellants for the amount due on the note and that the deed of trust given by appellant Thomas to secure the same be set aside, declared to be ineffective and cancelled and that the cloud cast upon the title to the property covered by it be removed and that such property be decreed to be free and clear of the deed of trust lien. Appellants filed numerous objections to the waiver and motion but the court accepted the waiver, granted the motion, and rendered judgment accordingly.

Appellants present sixteen assignments of error but we do not deem it necessary to discuss them in detail. They pertain principally to the action of the court in granting judgment against them upon the note, in the absence of a finding by the jury under special issue number 2 as to the homestead character of the Lubbock property that was covered by the deed of trust, and to the contentions that a number of the special issues answered by the jury were without evidence to support them.

 Appellants were the plaintiffs in the cases and, in addition to their first amended original petition, they filed a supplemental petition. Their suit was designed to cancel the note and deed of trust on the ground that they were executed under duress, and to cancel the deed of trust upon the further ground that the property upon which a lien was attempted to be created constituted the homestead of appellant Thomas and his family. In all of their pleadings appellants prayed that the deed of trust be cancelled, set aside and held for naught; that their homestead, and the title thereto, be declared free and clear of the deed of trust; that the deed of trust be declared a cloud upon the title; and that such cloud be removed. The judgment entered by the court in response to the waiver of the deed of trust lien and motion of appellee decreed that the deed of trust upon the property be cancelled, set aside and held for naught; that forclosure thereof be denied to appellee; that the cloud upon the title to the property, created or existing by virtue of the deed of trust, be in all things removed; and that the property be free and clear of the deed of trust lien. Thus it will be seen that, insofar as the deed of trust was concerned, the judgment complied in every respect with the prayers contained in appellants' pleadings. It is quite apparent that, in respect to the deed of trust and the title to the Lubbock property, the judgment entered by the court was fully as comprehensive in extending relief to appellants as it could have been if the jury had answered special issue number 2 in the affirmative and found that the property was the homestead of appellant Thomas and his family at and before the deed of trust was executed. Appellants therefore suffered no injury by the action of the court and, even if error was committed in the respects asserted by appellants, it was harmless and they are in no position to complain or insist that the judgment be reversed. The effect of appellee's pleading of his cross action was to allege two separate and distinct causes of action, one being a suit upon the note, and the other upon the deed of trust and to foreclose the lien created by it. Separate suits could have been brought by appellee on these two causes of action and the effect of his waiver was to waive, abandon and with-

draw one of them, namely, his cause of action upon the deed of trust. This he had a right to do. Johnson v. Murphy's Administrators, 17 Tex. 216; Jordan v. Massey, Tex.Civ.App., 134 S.W. 804; Jackson v. American Central Life Ins. Co., Tex. Civ.App., 77 S.W.2d 1064; Carter v. Gray, 125 Tex. 219, 81 S.W.2d 647.

Appellants contend that the issue as to the homestead character of the property described in the deed of trust was one of the principal and controlling issues in the case and that it remained so notwithstanding appellee's waiver of the deed of trust lien. They say this is true because, without a finding by the jury in answer to special issue number 2, and the establishment by the judgment of the homestead element in the Lubbock property, appellee would have the right to cause an execution to be issued and levied upon the property in the event he procured a judgment on the note. In the first place, appellants did not ask for a judgment establishing their homestead rights in the property. As we have already stated, they prayed only for cancellation of the deed of trust and removal of the cloud cast by it upon the title to the homestead property. This relief could not have been more completely granted to appellants than it was granted in the judgment entered by the court. In the second place, it is difficult to see how a judgment merely declaring the property to be the homestead of appellant Thomas on July 6, 1946, would prevent, neutralize, or have anything to do with an execution that might be levied upon the property at a later date. If such an execution were levied, and the question of homestead were raised, it would necessarily have reference to the time of the levy. Its status at some date prior thereto even though solemnly pronounced by the judgment of a court, would be wholly beside the question. It is quite possible for the property to have been the homestead in July, 1946, and through abandonment or for some other reason, cease to be such and be subject to an ordinary execution at a later date.

In our opinion appellee had the right to waive, abandon and withdraw his cause of action insofar as the deed of trust was concerned and, when he did so, there was left only the question of whether or not he was entitled to a personal judgment upon the note. All of the issues made by the defenses presented by appellants to the note were resolved against them by the jury and it was the duty of the court to enter judgment in accordance with the jury's findings.

Appellants complain of the action of the court in refusing to submit to the jury certain charges and instructions requested by them. The requested charges involved a definition of the terms homestead, abandonment of homestead, and designation of homestead. It is not necessary for us to pass upon these assignments, since the whole question of homestead passed out of the case when appellee waived his deed of trust and the court entered judgment cancelling it and removing all cloud cast by it upon the title to the property involved.

Appellants next contend that the findings of the jury to the effect that, before the execution of the note and deed of trust, they had agreed to return to appellee the deposits made by him to the sales corporation; that the note was the instrument representing their agreement to return the deposits; that the sales corporation had promised to return the deposits; that, in consideration of the execution of the note and deed of trust, appellee released the sales corporation from further liability to return the deposits; and a number of other findings, were contrary to the undisputed evidence and wholly against the weight of the evidence. A discussion of each of these assignments and recitations of the testimony would extend this opinion to undesirable lengths. We have carefully examined the testimony and, in our opinion, all of the findings complained of were amply supported by it. In a number of instances the testimony of appellants was in direct conflict with that given by the appellee but the jury resolved the issues in favor of the appellee and, where the findings and judgment are supported by evidence of probative force, as they were in this case, an appellate court is not authorized to disturb them. The note executed by appellants contained the following provision: "This note, to the extent of the

amount herein mentioned, represents a personal guarantee of deposit money advanced by Ernest Lollar to the Rocket Aircraft Sales Corporation." This statement in the note constituted an acknowledgment by appellants that the note was given to satisfy the obligation of appellants and the sales corporation to return the deposits that had been made by appellee as part of the purchase price for airplanes that were never delivered to him. Whether appellants had theretofore obligated themselves personally to return the deposits or whether the corporation had obliged itself to return them is of small consequence in view of the undisputed testimony that appellee had made the deposits with the corporation, of which appellants were the principle stockholders and officers, and had not received the airplanes for which he had contracted. The note plainly shows that its purpose was personally to guarantee the return of the money advanced by appellee to the corporation and the parties had the right to adjust and close the matter in that fashion if they chose to do so.

The last contention presented by the assignments of error is that the finding of the jury that the threats made against appellants by appellee's attorney did not alone cause them to execute the note and deed of trust was contrary to the undisputed evidence and wholly against the weight of the evidence. Appellants testified that the note and deed of trust were executed by them under fear and duress produced by the threats made against them by appellee's attorney. Appellee testified, however, that, during negotiations between them concerning plans for the rehabilitation of the manufacturing corporation and the sales corporation he was insisting that his money be immediately returned to him and that appellant Thomas made the statement that, if appellee would relieve him of the obligation to return the deposits, he would give appellee a note for the amount and would give security for the note. It was further shown by the testimony that Wallace Sanders, an attorney who was representing the sales corporation and who was a personal friend of appellant Thomas, was present during the negotiations in which it was agreed that the note and deed of trust would be executed by appellants. Sanders testified that he did not know of any threats made by appellee or his attorney against appellants and that, as far as he knew the relations, between appellants and the appellee and his attorney were friendly, both on July 6, 1946, and prior thereto. He said, further, that appellant Thomas did not reveal to him any threats made against Thomas for more than a year after the note and deed of trust were executed. Thomas testified that the first person he told of the threats was his attorney, Wallace Sanders. We think these and other circumstances revealed by the testimony fully supported the finding of the jury to the effect that the threats against appellants by appellee's attorney did not alone cause appellants to execute the note and deed of trust.

We have carefully examined all of the assignments of error, points and contentions presented by appellants and, in our opinion, none of them reveals reversible error. The judgment of the court below will therefore be affirmed.