NORWOOD HOMES, INC., Appellant,

v.

L. L. MARBURGER, Jr., et ux., Appellees.

No. 4085.

Court of Civil Appeals of Texas.

Eastland.

June 10, 1966.

Rehearing Denied June 24, 1966.

Bill Hensley, Houston, for appellant.

J. R. Owen, Taylor, for appellees.

WALTER, Justice.

Norwood Homes sued L. L. Marburger, Jr. and wife for a deficiency judgment after foreclosure under a deed of trust. Summary judgment was rendered for the defendants and the plaintiffs have appealed. They contend the court erred in rendering summary judgment and holding as a matter of law that no cause of action existed for the unpaid balance on the note after the foreclosure.

Appellant alleged there was a balance of $18,939.08 owing on the note at the time of foreclosure under the deed of trust, that the property was sold for $12,650.00, and, after the expenses of sale were deducted, there remained a balance due and owing on the note of $6,921.58.

The appellees alleged that the note which they executed had the following provision:

"In the event default is made in the payment of any installment, or in the performance of any of the obligations, covenants or agreements legally imposed by the terms of this note, or in the deed of trust securing its payment, and such default or arrearage shall continue for a period of two months, at the option of the holder, the whole indebtedness evidence hereby may be declared due and payable without presentment or demand for payment or notice of the exercise of such option by the holder, and may be collected by suit or by the exercise of the powers contained in the deed of trust." Appellees further alleged:

"That construing said note and Deed of Trust together, each in its entirety, it is evident that when plaintiff elected to proceed to collect the indebtedness due on said note by the exercise of the power of sale in said Deed of Trust, the right of plaintiff to collect any of said indebtedness by suit was immediately terminated and therefore, plaintiff is not entitled to recover herein." In appellees' motion for summary judgment, they set forth copies of the note and deed of trust and contended that, as a matter of law, they were entitled to judgment.

We have concluded that the rights to sell under the deed of trust and to collect the deficiency by suit were cumulative.

In Rushing v. Hall, 74 S.W.2d 761, (Tex. Civ.App.1934, no writ history) at page 763, the court said:

"Under the first three propositions presented in appellants' brief, it is very earnestly insisted that plaintiff, by pursuing his remedy of sale of the land under the deed of trust for the amount due on the three notes to secure which the trust deed was executed, estopped himself from suing defendants to recover the balance due upon the three notes, and also the amount due upon the $750 note assumed by the defendants. We cannot agree with appellants' counsel in this view of the law applicable to the facts of this case.

* * * Certainly the parties to the deed of trust never contemplated that, if the land failed to sell for enough to pay the three notes, the holder of the notes and the deed of trust must accept the proceeds of the sale in full satisfaction of the three notes and all other indebtedness of defendants secured by a lien on the land. There is to our minds no rule of equity, law, or reason requiring such effect to be given the sale of the land under the provisions of the deed of trust."

The judgment is reversed and the cause is remanded.