Harry I. MELCER et ux. et
al., Appellants,

v.

J. Garland WARREN et ux., Appellees.

No. 12476.

Court of Civil Appeals of Texas,
Austin.

April 27, 1977.

Rehearing Denied May 18, 1977.

William L. Burnett, Wheat, Thornton & Wheat, Houston, for appellants.

Gene Majors, Fitzgerald & Majors, San Marcos, for appellees.

O'QUINN, Justice.

The controlling issue in this appeal is whether the automatic stay in Rule 601, Rules of Bankruptcy Procedure, rendered void exercise by appellants of their option to accelerate maturity of a note, secured by vendor's lien and deed of trust on real property, made by appellees to appellants in connection with sale of real property.[1]

The trial court held that the stay was effective to void exercise of the option to mature, and enjoined appellants from proceeding upon their declaration of maturity. Appellants have appealed from this injunctive order and bring seven points of error. We will reverse judgment of the trial court and dissolve the temporary injunction.

The facts giving rise to the issues on this appeal are stated, as drawn from stipulation of facts by the parties.

Melcer and wife conveyed to Warren and wife, in April of 1973, approximately 172 acres of land located in Caldwell County, and as part of the consideration, the Warrens executed a note to the Melcers in the amount of $51,000, secured by vendor's lien and deed of trust. Subsequently, in November of 1973, the Warrens conveyed the property to Alamo Land and Cattle Corporation, for cash, assumption by Alamo of the indebtedness remaining on the Warren note to the Melcers, and a note payable to Warren in a sum in excess of $46,700.

In July of 1974 Alamo filed its petition in voluntary bankruptcy in the United States District Court in San Antonio. At that time the Warren note to Melcer was current, Warren having made installment pay-ments due in October of 1973 and in April of 1974. After Alamo filed its petition in bankruptcy, Warren did not make installment payments due in October of 1974, nor in April of 1975.

Shortly after the middle of February of 1975 Melcer notified Warren in writing of election to mature the Warren note, and immediately thereafter filed a complaint in the bankruptcy court asking relief from stay against foreclosure of lien on the land, then a part of the estate of Alamo, the bankrupt, and in custody of the Trustee in Bankruptcy. Warren also filed petition for similar relief.

The Melcer complaint was overruled, and the court ordered sale of the property free of liens, after which Warren filed motion to rescind the order of sale, and the court set the motion for hearing early in September of 1975. About three weeks prior to date of hearing the court, on August 12, entered an order rescinding the order of sale and abandoning the property.

Thereafter Warren tendered to Melcer payment of the delinquent installments, together with penalties and interest. Melcer returned the proffered payment and in writing reaffirmed election to accelerate maturity, notice of which had been given in February of 1975.

Both Melcer and Warren sought to foreclose their liens on the property for sales to be held October 7, 1975, the first date permissible following order of the bankruptcy court in August abandoning the property. One day prior to the proposed sales, Warren obtained a restraining order prohibiting Melcer from proceeding to foreclose. At the sale next day Warren obtained foreclosure of his lien, subject to the Melcer lien and indebtedness, and bid in the property, of which Warren is the present owner, subject to the Melcer lien and debt.

Appellants contend that in this appeal only questions of law are presented and

1. Appellants, who were defendants below, are Harry I. Melcer and wife of Brazoria County and E. H. Thornton, Jr. of Harris County, as trustee in deed of trust from the Warrens to the Melcers. Appellees, who brought this action in district court, are J. Garland Warren and wife of Hays County.

that the trial court incorrectly applied the law in granting the temporary injunction restraining Melcer from conducting sale to foreclose liens securing the Warren note, "based on any default in payment of installments" occurring in October of 1974 and April of 1975, after Alamo filed its petition in bankruptcy.

■ Although ordinarily a trial court is allowed considerable discretion in granting a temporary injunction, and under the general rule an order will not be reversed on appeal except on a showing of abuse of discretion, such discretion ". . . does not extend to the erroneous application of law to conceded facts." *City of Farmers Branch v. Hawnco, Inc.,* 435 S.W.2d 288, 292 (Tex.Civ.App. Dallas 1968, writ ref'd n. r. e.). The facts in this appeal are undisputed, having been stipulated by the parties, and the rule stated in *Hawnco* has been approved and applied by the Supreme Court. *City of Spring Valley v. Southwestern Bell Telephone Company,* 484 S.W.2d 579, 581 (Tex.Sup.1972).

Appellees argue that Rule 601, Rules of Bankruptcy Procedure, had the effect of staying any act by appellants, including action taken by appellants to accelerate maturity of the Warren note after Warren failed to pay installments due in October of 1973 and April of 1974, following entry of Alamo into bankruptcy proceedings in July of 1973.

Rule 601 provides in paragraph (a):

"*Stay Against Lien Enforcement.* The filing of a petition shall operate as a stay of any act or the commencement or continuation of any court proceeding *to enforce* (1) *a lien against property in the custody of the bankruptcy court,* or (2) a lien against the property of the bankrupt obtained within 4 months before bankruptcy by attachment, judgment, levy, or other legal or equitable process or proceedings." (Emphasis added, except heading).

Paragraph (b) of Rule 601 states that duration of the stay shall continue until the bankruptcy case is dismissed or closed, except as modified or annulled by the court under other subdivisions of the Rule, or

"until the property subject to the lien is . . . set apart as exempt, abandoned, or transferred." In this case, as observed earlier, the bankruptcy court finally abandoned the property, but after the facts giving rise to the issues in this appeal.

Appellants were explicit at trial in district court, and are equally so on appeal, that their position consistently has been that Melcer had a contractual right to accelerate maturity of the Warren note, as a condition precedent either (1) to suing Warren personally on the note or (2) resorting to the realty which secured payment of the note. From that position appellants argue that since acceleration of the note was a condition precedent to pursuing either alternative, Rule 601 would not reach any action taken which did not lead to subsequent acts to enforce the lien against property in custody of the bankruptcy court.

■ We agree with the position taken by appellants that by exercising their contractual right to accelerate the Warren note, they acted beyond the purview of Rule 601. Appellants pursued a proper course in requesting of the bankruptcy court relief from the stay against foreclosure, if in their alternative course foreclosure should be desired over suit alone on the personal obligation of Warren to pay the debt. Such course we do not regard as inconsistent with their claim of alternative rights, and request of the bankruptcy court for relief from stay may not be construed to constitute an act to enforce a lien in violation of the Rule.

In the course of trial below appellants clearly took the position that if Warren was in position "to pay the Melcer note off," there would be no need for "foreclosure as such," although by meeting the condition precedent, in accelerating the note, appellants did place themselves in position to pursue either alternative course.

We do not find that the Federal courts have construed Rule 601 with respect to facts under which collection of a secured debt is sought by a creditor against a debtor who is *not* the bankrupt but who himself is a creditor of the bankrupt. Nor have the

parties to this appeal suggested authorities directly in point.

The Federal courts have recognized that the contractual right to accelerate an obligation is substantive and not merely a remedy, and further that an acceleration provision is a proper matter of contract, not falling within principles upon which equity ordinarily would relieve against forfeiture. *Guaranty Trust Co. v. Henwood,* 86 F.2d 347, 351 (8th Cir. 1936); 108 A.L.R. 1020, 1030. See also *In re Plankinton Building Co.,* 148 F.2d 119, 126 (7th Cir. 1945); *In re Utilities Power and Light Corporation,* 91 F.2d 598, 601 (7th Cir. 1937); *Matter of Delaney,* 534 F.2d 645, 647 (5th Cir. 1976).

The note from Warren to Melcer provided that in event of default in prompt payment of any installment, the whole indebtedness, at the election of Melcer, would become mature and payable, "and the liens securing payment hereof shall become subject to foreclosure proceedings *as such payee may elect.*" (Emphasis added). Melcer contracted for the right to sue Warren on the note and recover personal judgment without reference to the lien. *Maupin v. Chaney,* 139 Tex. 426, 163 S.W.2d 380, 382 (1942). Melcer had the right to sue Warren on the note without first exhausting the remedy of foreclosure. 39 Tex.Jur.2d *Mortgages and Trust Deeds,* 265, sec. 204 (1976).

Appellants' exercise of their option to declare the entire indebtedness due was prerequisite to the right to judgment for the amount of the debt and to have the deed of trust lien foreclosed on the property. *Norwood Homes, Inc. v. Marburger,* 404 S.W.2d 687 (Tex.Civ.App. Eastland 1966, writ ref'd n. r. e.). Appellants were entitled to bring separate suits to (1) foreclose the deed of trust lien and (2) to recover personal judgment upon the debt which the mortgage was given to secure. *Jackson v. American Central Life Ins. Co.,* 77 S.W.2d 1064, 1066 (Tex.Civ.App. Amarillo 1935, writ ref'd).

Assuming that Rule 601, during pendency of the bankruptcy proceedings concerning Alamo, provided an automatic stay to prevent appellants from foreclosing the deed of trust lien against the property, the Rule would not operate to stay appellants from taking such steps as were necessary to accelerate the note and bring suit against Warren on the note to recover personal judgment. In enjoining appellants from proceeding to enforce the liens "based on any default in payment of installments," the trial court in effect held that appellants' acceleration of the note was void, as an act stayed by provisions of Rule 601.

The judgment of the trial court is reversed, and judgment is rendered dissolving the injunction.

Reversed and Rendered.